LEHAN, Judge.
This is an appeal by an 18-year-old, natural, unwed mother from an order permanently committing her 21-month-old child to HRS for adoption. The grounds were that appellant had neglected the child. More specifically, the order recites that:
[The mother] neglected said child arid has continued to neglect said child by her failure to provide adequate and proper care. [The mother] did not care for said child [while] he was in her home by the fact she did not assume primary responsibility for the child and did not change soiled diapers and bedsheets, did not adequately feed the child, and displayed a violent temper in front of said child. [The mother] did not correct these conditions in that she did not assume primary responsibility for said child during visitation and still displayed a violent temper towards her parents in her home.
Furthermore, [the mother] did not complete therapy at Charlotte Mental Health to show the problem of her lack of self control and violent temper had been corrected. Additionally, [the mother] did not correct the problem of her lack of education and marketable skills in that she did not maintain employment for five consecutive months and did not complete training at Charlotte Vo-Tech.
There was also a finding that she had failed to substantially comply with a performance agreement.
There was substantial conflicting evidence. We recognize that it is the trial court’s province, not ours, to determine the credibility of witnesses and to weigh the evidence. Yet from our examination of the record we are not convinced that there is no merit to appellant’s argument that substantially all of the evidence concerned incidents which occurred while appellant was a minor living with her parents and that her major problems were connected with her family relationships at that time. Nor are we fully convinced that appellant’s performance under the performance agreement, while certainly not commendable, was clearly not substantial.
Especially considering the constitutional protection afforded to the preservation of a family unit, see Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551, 558-559 (1972); In Interest of D.B., 385 So.2d 83, 90 (Fla.1980), and the drastic nature of the remedy, under the circumstances of this case we conclude that justice requires that appellant’s suggestion be adopted that the performance agreement be continued under such terms, and for a period of time, sufficient for appellant to be able to demonstrate her ability to maintain a stable environment for the child away from appellant’s parents. Our conclusion is similar to that of the Third District Court of Appeal in Smith v. State Dept. of Health & Rehabilitative Services, 299 So.2d 127 (Fla.3d DCA 1974), in which a like appellate disposition was made. Appropriate rights of visitation with the child may be provided for during the continued term of the performance agreement.
Accordingly, the order is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
RYDER, A.C.J., and FRANK, J., concur.